IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. 9:20-cv-82237

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TODD SOLOMON or, | ) |
| UNKNOWN PERSONAL | ) |
| REPRESENTATIVE OF THE | ) |
| ESTATE OF TODD SOLOMON, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. The United States of America brings this action to collect outstanding civil penalties assessed against Defendant Todd Solomon for his failure to timely report his financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations, accrued interest on such penalties, late payment penalties, and associated fees. In support, the United States alleges as follows:

### JURISDICTION AND VENUE

2. The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), at the direction of the Attorney General of the United States and at

the request of, and with the authorization of, the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

4. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Todd Solomon is a United States citizen who resides or last resided in Bangkok, Thailand.

## DEFENDANTS

5. Todd Solomon was a United States citizen who last resided in Bangkok, Thailand.

6. Upon information and belief Todd Solomon died in April or May 2020, but no probate estate has been opened.

## REGULATORY BACKGROUND REGARDING THE DUTY TO REPORT RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

7. Section 5314 of Title 31 authorizes the Secretary of the Treasury to require United States persons to report certain relationships and transactions with foreign financial agencies.

8. United States persons who have a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country

that exceeds $10,000 in aggregate value must report those relationships to the United States.

9. For the 2006—2010 years at issue, taxpayers were required to report the relationships on Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a), § 1010.306(c).

10. For the 2006—2010 years at issue, the FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

11. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

12. Schedule B—Interest and Ordinary Dividends is a form that some taxpayers must attach to their Form 1040 Individual Income Tax Return.

13. Question 7a on Schedule B for the tax years 2006–2010 asked taxpayers if they had an interest in or signature or other authority over a financial account in a foreign country. The question was answered by checking boxes labeled yes or no. The question also referred taxpayers to Form TD F 90-22.1.

14. Question 7b on Schedule B, for the tax years 2006–2010, directed taxpayers to list the name of the foreign country where their accounts were located.

### TODD SOLOMON'S FAILURE TO TIMELY REPORT HIS RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

15. Todd Hagenow Solomon was born a United States citizen and was a United States citizen during the 2006–2010 years at issue.

16. Todd Solomon was a trustee for a trust named the Geis Trust, which was formed by his grandfather Robert Hagenow on or about November 10, 1991, for the benefit of Ronald Hagenow.

17. Todd Solomon was a trustee for a trust named the Maurice Family Trust, which was formed by his grandfather Robert Hagenow on or about November 10, 1991.

18. Clariden Leu was a bank located in Switzerland. It is now part of Credit Suisse.

19. Phoenix River, Inc. is incorporated in The Bahamas.

20. Phoenix River, Inc. conducted no business and merely held bank accounts.

21. Todd Solomon had a financial interest in, or signature authority over, foreign bank accounts that were held in the name of Phoenix River, Inc.

22.     In 2006, Todd Solomon had a financial interest in, or signature authority over, foreign bank accounts with the maximum balances listed in the table below:

| 2006 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8500 | $186,227 |
| | Clariden Leu | x8600 | $84,573 |
| | Clariden Leu | x8700 | $427,993 |

23.     Todd Solomon did not report any of the relationships he had with foreign banks during 2006 before the June 30, 2007 deadline.

24.     On his originally filed federal income tax return for 2006, Todd Solomon attached a Schedule B that was marked "no" in response to question 7a. Question 7b was left blank.

25.     In 2007, Todd Solomon had a financial interest in, or signature authority over, foreign bank accounts with the maximum balances listed in the table below:

| 2007 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8500 | $106,147 |
| | Clariden Leu | x8600 | $3,243,694 |

26.     On July 24, 2008, Todd Solomon filed an FBAR for 2007 that did not report the relationships he had with foreign banks that are described in paragraph 25.

27. On his originally filed federal income tax return for 2007, Todd Solomon attached a Schedule B that was marked "no" in response to question 7a. Question 7b was left blank.

28. In 2008, Todd Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2008 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8600 | $2,449,283 |

29. On June 28, 2009, Todd Solomon filed an FBAR for 2008 that did not report the relationship he had with the foreign bank described in paragraph 28.

30. On September 13, 2009, Todd Solomon filed an amended FBAR for 2008 that did not report the relationship he had with the foreign bank described in paragraph 28.

31. Todd Solomon did not report all of the relationships he had with foreign financial institutions during 2008 before the June 30, 2009, deadline.

32. On his originally filed federal income tax return for 2008, Todd Solomon attached a Schedule B that was marked "yes" in response to question 7a but only listed Thailand, and not Switzerland, in response to question 7b.

6

33. In 2009, Todd Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2009 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8600 | $2,723,423 |

34. On June 16, 2010, Todd Solomon filed an FBAR for 2009 that did not report the relationship he had with the foreign bank described in paragraph 33.

35. Todd Solomon did not report all of the relationships he had with foreign financial institutions during 2009 before the June 30, 2010, deadline.

36. On his originally filed federal income tax return for 2009, Todd Solomon attached a Schedule B that was marked "yes" in response to question 7a but only listed Thailand, and not Switzerland, in response to question 7b.

37. In 2010, Todd Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2010 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8600 | $3,572,604 |

38. On June 21, 2011, Todd Solomon filed an FBAR for 2010 that did not report the relationship he had with the foreign bank described in paragraph 37.

39. Todd Solomon did not report all the relationships he had with foreign financial institutions during 2010 before the June 30, 2011, deadline.

40. On his originally filed federal income tax return for 2010, Todd Solomon attached a Schedule B that was marked "yes" in response to question 7a but only listed Thailand, and not Switzerland, in response to question 7b.

## COUNT 1
## Judgment for § 5321 Penalties

41. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful violations of the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C) provides for a penalty of the greater of $100,000 or 50% of the balance of the account at the time of the violation.

42. Todd Solomon reported some, but not all, of the relationships he had with foreign financial institutions during the years 2006—2010, by June 30 of the following year. He did not report the relationships that he had with banks in Switzerland.

43. Todd Solomon had income, from earnings on investments in the foreign bank accounts, that was not reported on his federal income tax returns for tax years 2003—2010.

44. Todd Solomon entered the IRS Offshore Voluntary Disclosure Program ("OVDP").

45. On January 16, 2013, Todd Solomon submitted amended FBARs that reported all of his relationships with foreign banks described in paragraphs 22, 25, 28, 33, and 37.

46. On September 20, 2012, Todd Solomon's attorney signed, on behalf of Todd Solomon, an agreement to extend the statute of limitations for the assessment of penalties for violations of § 5314, for the years 2003–2010, until December 31, 2014.

47. On August 9, 2014, Todd Solomon's attorney signed, on behalf of Todd Solomon, an agreement to extend the statute of limitations for the assessment of penalties for violations of § 5314, for the years 2003–2010, until December 31, 2016.

48. On February 10, 2017, Solomon signed an agreement to extend the statute of limitations for the assessment of penalties for violations of § 5314, for the years 2003–2010, until December 31, 2018.

49. On November 2, 2018, a delegate of the Secretary of the Treasury proposed the assessment of penalties against Solomon pursuant to 31 U.S.C. § 5321(a)(5)(A) and (B) for his willful failure to report his relationships with foreign financial institutions for the years 2006—2010 as follows:

| Year | Bank | Account No. | Highest Balance | Penalty |
|---|---|---|---|---|
| 2006 | Clariden Leu | x8500 | $186,227 | $46,557 |
|  | Clariden Leu | x8600 | $84,573 | $21,144 |
|  | Clariden Leu | x8700 | $427,997 | $100,000 |
| 2007 | Clariden Leu | x8500 | $106,147 | $53,074 |
|  | Clariden Leu | x8600 | $1,621,847 | $100,000 |
| 2008 | Clariden Leu | x8600 | $1,224,642 | $100,000 |
| 2009 | Clariden Leu | x8600 | $1,361,712 | $372,377 |
| 2010 | Clariden Leu | x8600 | $1,786,302 | $100,000 |

50. On November 19, 2018, Solomon signed an agreement to the assessments on Form 13449.

51. On December 12, 2018, a delegate of the Secretary of the Treasury assessed the penalties described in paragraph 49.

52. A delegate of the Treasury Secretary gave Solomon notice and demand for payment of the FBAR penalty assessments for the years 2006–2010. Despite the notice and demand for payment, Solomon has failed to pay the FBAR penalties assessed against him. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

53. As of November 6, 2020, Solomon owed the United States $1,012,198.15 for the penalties assessed under 31 U.S.C. § 5321, plus interest and other statutory additions that have accrued, and will continue to accrue, as provided by law.

## RELIEF REQUESTED

The United States of America requests:

A. That the Court enter judgment in favor of the United States against Todd Solomon for the civil penalties assessed against him for violations of 31 U.S.C. § 5314 for the years 2006 – 2010 in the amount of $1,012,198.15 as of November 6, 2020, plus penalties and interest that continue to accrue;

B. That the Court order any other relief that is just and proper.

Date: December 9, 2020

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        By:
        **John P. Nasta, Jr.**
        JOHN P. NASTA, JR.
        Fla. Bar No. 1004432
        Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Washington, D.C. 20044
        Telephone: (202) 307-6560
        Facsimile: (202) 514-4963
        john.nasta@usdoj.gov

        *Of Counsel:*
        ARIANA FAJARDO ORSHAN
        U.S. Attorney, Southern District of Florida

        *Attorneys for the United States of America*

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Todd Solomon, Estate of Todd Solomon

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John P. Nasta, Jr. US Dept. of Justice-Tax Division
PO Box 14198, Washington, DC 20044  (202) 307-6560

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☑ YES ☐ NO
JUDGE: Not yet assigned, USA v Evelyn Solomon    DOCKET NUMBER: 9:20-cv-82236

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
FBAR Penalties 31 U.S.C. 3711 and 5321

LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $ 1,012,198.15    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☑ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE: December 9, 2020    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        IFP        JUDGE        MAG JUDGE

JS 44  (Rev. 06/17) FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   (a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**   **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**   **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

**VIII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America </br></br> *Plaintiff(s)* </br> v. </br> Todd Solomon, </br> Unknown Representative of the Estate of Todd Solomon </br> *Defendant(s)* | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 9:20-cv-82237 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Todd Solomon
　　　　　　　　　　　　　　　　　EMPORIUM 622 SUKHUMVIT RD B1-MBE-21
　　　　　　　　　　　　　　　　　Bangkok, Thailand 10110

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:　John P. Nasta, Jr.
　　　　　　　　　　　　　　　　　　　　　Trial Attorney, U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　Tax Division, Civil Trial Section-Southern Region
　　　　　　　　　　　　　　　　　　　　　P.O. Box 14198
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20044
　　　　　　　　　　　　　　　　　　　　　john.nasta@usdoj.gov    202-307-6560

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 9:20-cv-82237

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

    _____
    *Server's signature*

    _____
    *Printed name and title*

    _____
    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Plaintiff(s)* | | |
| v. | | Civil Action No.  9:20-cv-82237 |
| Todd Solomon, Unknown Representative of the Estate of Todd Solomon | | |
| *Defendant(s)* | | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Unknown Representative of the Estate of Todd Solomon
Address Unknown

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  John P. Nasta, Jr.
Trial Attorney, U.S. Department of Justice
Tax Division, Civil Trial Section-Southern Region
P.O. Box 14198
Washington, DC 20044
john.nasta@usdoj.gov   202-307-6560

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 9:20-cv-82237

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: