IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. 9:20-cv-82237

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNKNOWN PERSONAL | ) |
| REPRESENTATIVE OF THE | ) |
| ESTATE OF TODD SOLOMON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**AMENDED COMPLAINT**

1. The United States of America brings this action to collect outstanding civil penalties assessed against Todd Solomon for his failure to timely report his financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations, accrued interest on such penalties, late payment penalties, and associated fees. In support, the United States alleges as follows:

**JURISDICTION AND VENUE**

2. The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

4. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Todd Solomon was a United States citizen who last resided in Bangkok, Thailand.

## DEFENDANTS

5. Todd Solomon was a United States citizen who last resided in Bangkok, Thailand when he died.

6. Todd Solomon died on June 11, 2020, in Portugal while traveling under the assumed name Rafael Morissohn. No probate estate has been opened.

## REGULATORY BACKGROUND REGARDING THE DUTY TO REPORT RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

7. Section 5314 of Title 31 authorizes the Secretary of the Treasury to require United States persons to report certain relationships and transactions with foreign financial agencies.

8. United States persons who have a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country that exceeds $10,000 in aggregate value must report those relationships to the United States.

9. For the 2006–2010 years at issue, taxpayers were required to report the relationships on Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a), § 1010.306(c).

10. For the 2006—2010 years at issue, the FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

11. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

12. Schedule B—Interest and Ordinary Dividends is a form that some taxpayers must attach to their Form 1040 Individual Income Tax Return.

13. Question 7a on Schedule B for the tax years 2006–2010 asked taxpayers if they had an interest in or signature or other authority over a financial account in a foreign country. The question was answered by checking boxes labeled yes or no. The question also referred taxpayers to Form TD F 90-22.1.

14. Question 7b on Schedule B, for the tax years 2006–2010, directed taxpayers to list the name of the foreign country where their accounts were located.

### TODD SOLOMON'S FAILURE TO TIMELY REPORT HIS RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

15. Todd Hagenow Solomon was born a United States citizen and was a United States citizen during the 2006—2010 years at issue.

16. Todd Solomon was a trustee for a trust named the Geis Trust, which was formed by his grandfather Robert Hagenow on or about November 10, 1991, for the benefit of Ronald Hagenow.

17. Todd Solomon was a trustee for a trust named the Maurice Family Trust, which was formed by his grandfather Robert Hagenow on or about November 10, 1991.

18. Clariden Leu was a bank located in Switzerland. It is now part of Credit Suisse.

19. Phoenix River, Inc. is incorporated in The Bahamas.

20. Phoenix River, Inc. conducted no business and merely held bank accounts.

21. Todd Solomon had a financial interest in, or signature authority over, foreign bank accounts that were held in the name of Phoenix River, Inc.

22. In 2006, Todd Solomon had a financial interest in, or signature authority over, foreign bank accounts with the maximum balances listed in the table below:

| 2006 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8500 | $186,227 |
| | Clariden Leu | x8600 | $84,573 |
| | Clariden Leu | x8700 | $427,993 |

23. Todd Solomon did not report any of the relationships he had with foreign banks during 2006 before the June 30, 2007 deadline.

24. On his originally filed federal income tax return for 2006, Todd Solomon attached a Schedule B that was marked "no" in response to question 7a. Question 7b was left blank.

25. In 2007, Todd Solomon had a financial interest in, or signature authority over, foreign bank accounts with the maximum balances listed in the table below:

| 2007 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8500 | $106,147 |
| | Clariden Leu | x8600 | $3,243,694 |

26. On July 24, 2008, Todd Solomon filed an FBAR for 2007 that did not report the relationships he had with foreign banks that are described in paragraph 25.

27. On his originally filed federal income tax return for 2007, Todd Solomon attached a Schedule B that was marked "no" in response to question 7a. Question 7b was left blank.

28. In 2008, Todd Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2008 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8600 | $2,449,283 |

29. On June 28, 2009, Todd Solomon filed an FBAR for 2008 that did not report the relationship he had with the foreign bank described in paragraph 28.

30. On September 13, 2009, Todd Solomon filed an amended FBAR for 2008 that did not report the relationship he had with the foreign bank described in paragraph 28.

31. Todd Solomon did not report all the relationships he had with foreign financial institutions during 2008 before the June 30, 2009, deadline.

32. On his originally filed federal income tax return for 2008, Todd Solomon attached a Schedule B that was marked "yes" in response to question 7a but only listed Thailand, and not Switzerland, in response to question 7b.

33. In 2009, Todd Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2009 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8600 | $2,723,423 |

34.     On June 16, 2010, Todd Solomon filed an FBAR for 2009 that did not report the relationship he had with the foreign bank described in paragraph 33.

35.     Todd Solomon did not report all of the relationships he had with foreign financial institutions during 2009 before the June 30, 2010, deadline.

36.     On his originally filed federal income tax return for 2009, Todd Solomon attached a Schedule B that was marked "yes" in response to question 7a but only listed Thailand, and not Switzerland, in response to question 7b.

37.     In 2010, Todd Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2010 | Bank | Account No. | Max. Balance |
|---|---|---|---|
| | Clariden Leu | x8600 | $3,572,604 |

38.     On June 21, 2011, Todd Solomon filed an FBAR for 2010 that did not report the relationship he had with the foreign bank described in paragraph 37.

39.     Todd Solomon did not report all the relationships he had with foreign financial institutions during 2010 before the June 30, 2011, deadline.

40.     On his originally filed federal income tax return for 2010, Todd Solomon attached a Schedule B that was marked "yes" in response to question 7a but only listed Thailand, and not Switzerland, in response to question 7b.

41. Todd Solomon reported some, but not all, of the relationships he had with foreign financial institutions during the years 2006 – 2010, by June 30 of the following year. He did not report the relationships that he had with banks in Switzerland.

42. Todd Solomon had income, from earnings on investments in the foreign bank accounts, that was not reported on his federal income tax returns for tax years 2003 – 2010.

43. Todd Solomon entered the IRS Offshore Voluntary Disclosure Program ("OVDP").

44. On January 16, 2013, Todd Solomon submitted amended FBARs that reported his relationships with foreign banks described in paragraphs 22, 25, 28, 33, and 37.

45. During the OVDP, Todd Solomon continued to conceal some of his offshore activities by claiming that the source of some of the funds in his foreign accounts was who was a family friend named Rafael Morissohn, when in fact Morissohn was Solomon's false identity that he obtained in the Philippines.

46. Todd Solomon never reported his financial interest in bank accounts held in the name Rafael Morissohn.

## COUNT 1
### Judgment for § 5321 Penalties

47. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful violations of the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C)

provides for a penalty of the greater of $100,000 or 50% of the balance of the account at the time of the violation.

48. On September 20, 2012, Todd Solomon's attorney signed, on behalf of Todd Solomon, an agreement to extend the statute of limitations for the assessment of penalties for violations of § 5314, for the years 2003–2010, until December 31, 2014.

49. On August 9, 2014, Todd Solomon's attorney signed, on behalf of Todd Solomon, an agreement to extend the statute of limitations for the assessment of penalties for violations of § 5314, for the years 2003–2010, until December 31, 2016.

50. On February 10, 2017, Solomon signed an agreement to extend the statute of limitations for the assessment of penalties for violations of § 5314, for the years 2003–2010, until December 31, 2018.

51. On November 2, 2018, a delegate of the Secretary of the Treasury proposed the assessment of penalties against Solomon pursuant to 31 U.S.C. § 5321(a)(5)(A) and (B) for his willful failure to report his relationships with foreign financial institutions for the years 2006—2010 as follows:

| Year | Bank | Account No. | Highest Balance | Penalty |
|---|---|---|---|---|
| 2006 | Clariden Leu | x8500 | $186,227 | $46,557 |
|  | Clariden Leu | x8600 | $84,573 | $21,144 |
|  | Clariden Leu | x8700 | $427,997 | $100,000 |
| 2007 | Clariden Leu | x8500 | $106,147 | $53,074 |
|  | Clariden Leu | x8600 | $1,621,847 | $100,000 |
| 2008 | Clariden Leu | x8600 | $1,224,642 | $100,000 |
| 2009 | Clariden Leu | x8600 | $1,361,712 | $372,377 |
| 2010 | Clariden Leu | x8600 | $1,786,302 | $100,000 |

52. On November 19, 2018, Solomon signed an agreement to the assessments on Form 13449.

53. On December 12, 2018, a delegate of the Secretary of the Treasury assessed the penalties described in paragraph 51.

54. A delegate of the Treasury Secretary gave Solomon notice and demand for payment of the FBAR penalty assessments for the years 2006—2010. Despite the notice and demand for payment, Solomon has failed to pay the FBAR penalties assessed against him. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

55. As of November 6, 2020, Solomon owed the United States $1,012,198.15 for the penalties assessed under 31 U.S.C. § 5321, plus interest and other statutory additions that have accrued, and will continue to accrue, as provided by law.

## RELIEF REQUESTED

The United States of America requests:

A. That the Court enter judgment in favor of the United States against the Estate of Todd Solomon for the civil penalties assessed against him for violations of 31 U.S.C. § 5314 for the years 2006—2010 in the amount of $1,012,198.15 as of November 6, 2020, plus penalties and interest that continue to accrue;

B. That the Court order any other relief that is just and proper.

Date: June 17, 2022

        DAVID A. HUBBERT
        Deputy Assistant Attorney General

By:

    **John P. Nasta, Jr.**
    JOHN P. NASTA, JR.
    Fla. Bar No. 1004432
    Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 14198
    Washington, D.C. 20044
    Telephone:   (202) 307-6560
    Facsimile:    (202) 514-4963
    john.nasta@usdoj.gov

*Of Counsel:*
    JUAN ANTONIO GONZALEZ
    U.S. Attorney, Southern District of Florida

*Attorneys for the United States of America*